**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE XAVIER ORTIZ,** | : | **No. 3:26cv2182** |
| **Petitioner** | : | **(Judge Munley)** |
| **v.** | : | |
| **WARDEN JESSICA SAGE,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Petitioner Jose Ortiz ("Ortiz") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Ortiz argues that the Federal Bureau of Prisons ("BOP") retroactively extinguished First Step Act ("FSA") time credits that he lawfully earned based upon a conviction for a disqualifying offense that occurred while he was already serving his original sentence. (Id. at 1). The petition is ripe for disposition and, for the reasons set forth below, the court will deny the habeas petition.

## I. Background

### A. Ortiz's Criminal History

Ortiz is currently serving a 141-month aggregate sentence. (Doc. 7-2, Declaration of BOP Supervisory Attorney Jennifer Knepper ("Knepper Decl."), at 2 ¶ 3; Doc. 7-3, Public Information Inmate Data). This sentence is composed of

a 140-month sentence imposed in 2020 by the United States District Court for the Middle District of Pennsylvania for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (Id.). Ortiz is also serving an additional one-month consecutive sentence imposed in 2022 by the United States District Court for the Middle District of Pennsylvania for possession of contraband in prison, in violation of 18 U.S.C. § 1791. (Id.; Doc. 7-5, Judgment and Commitment Order). His current projected release date, via good conduct time, is June 3, 2028. (Doc. 7-2, Knepper Decl. at 2 ¶ 3; Doc. 7-3, Public Information Inmate Data).

B. FSA Time Credits

The BOP deemed Ortiz ineligible for FSA time credits, finding that his conviction pursuant to 18 U.S.C. § 1791 for possession of contraband in prison disqualified him. See 18 U.S.C. § 3632(d)(4)(D)(xxix). (Doc. 7-2, Knepper Decl. at 3 ¶ 7; Doc. 7-3, Public Information Inmate Data).

C. Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Ortiz has not filed any administrative remedies. (Doc. 7-2, Knepper Decl. at 3 ¶ 5; Doc. 7-4, Administrative Remedy Generalized Retrieval).

## II. Discussion

### A. Exhaustion of Administrative Remedies

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw, 682 F.2d at 1052). Exhaustion is also excused when it

would be futile. See Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see also Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. See id. § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. See id. An inmate is not deemed to have exhausted his administrative remedies until his complaint has

been pursued at all levels. See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record confirms that Ortiz has not filed a single administrative remedy while in BOP custody. (Doc. 7-2, Knepper Decl. at 3 ¶ 5; Doc. 7-4, Administrative Remedy Generalized Retrieval). Rather than comply with the exhaustion requirements, Ortiz entirely bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Ortiz concedes his failure to exhaust and argues that "[f]ollowing [his] [Section] 1791 conviction, the Bureau's determination that his aggregate sentence[ ] rendered him categorically ineligible foreclosed meaningful administrative review of the statutory question presented here." (Doc. 1, at 2). To the extent that Ortiz's FSA claim implicates a question of statutory construction, exhaustion through the BOP's administrative remedy process is unnecessary. See Vasquez, 684 F.3d at 433-34. The court thus turns to the merits of Ortiz's claim, an analysis that focuses on his statutory eligibility to receive FSA credits rather than the amount of credits he has earned.

B. FSA Eligibility

Respondent alternatively argues that Ortiz is statutorily ineligible for application of FSA time credits because he has been convicted of, and is serving

a sentence for, a disqualifying offense listed in 18 U.S.C. § 3632(d)(4)(D). (Doc. 7, at 7-11). Specifically, Ortiz was convicted and sentenced for possessing contraband in prison, in violation of 18 U.S.C. § 1791. See 18 U.S.C. § 3632(d)(4)(D)(xxix).

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A), (C). However, the statute lists certain convictions that make a prisoner ineligible to receive time credits. 18 U.S.C. § 3632(d)(4)(D). That list includes convictions under "Section 1791, relating to providing or possessing contraband in prison." 18 U.S.C. § 3632(d)(4)(D)(xxix). Thus, under the plain language of the FSA, Ortiz's Section 1791 conviction and sentence render him ineligible to receive FSA time credits. This conclusion is bolstered by the relevant regulations, which plainly state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d)(2).

Further, the fact that one of Ortiz's convictions was not a disqualifying offense does not entitle him to receive FSA credits for some prorated portion of his sentence. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate

term of imprisonment." 18 U.S.C. § 3584(c). "Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose'." Teed v. Warden Allenwood FCI Low, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (nonprecedential) (citations omitted). Therefore, "[c]ourts within and beyond this circuit have repeatedly held that when a prisoner is convicted and sentenced for disqualifying and non-disqualifying offenses, those sentences—regardless of whether they are ordered to run concurrently or consecutively—are properly aggregated and treated as a single sentence that is ineligible for application of FSA credits." Ulloa v. Cruz, No. 1:23-cv-0776, 2024 WL 1117092, at *2 (M.D. Pa. Mar. 14, 2024) (listing cases); see also Sanders v. Warden LSCI Allenwood, No. 1:26-cv-00885, 2026 WL 1113325, at *2-3 (M.D. Pa. Apr. 24, 2026).

Because Ortiz is serving the Section 1791 sentence as part of his "single, aggregate term of imprisonment," 18 U.S.C. § 3584(c), he is statutorily ineligible to receive FSA time credits. See 18 U.S.C. § 3632(d)(4)(D)(xxix); Teed, 2023 WL 4556726, at *2. Therefore, his Section 2241 petition must be denied.

## III. Conclusion

Consistent with the foregoing, the court will deny Ortiz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). An appropriate order shall issue.

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

**Dated: September 17, 2026**